UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES,

    Petitioner,

v.       Case No. 2:05-cv-248
    HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Marvin D. Hughes filed this petition for writ of habeas corpus, challenging the loss of 10 days of disciplinary credits as a result of a major misconduct for assault and battery. Upon a review of the petition, it appears to the undersigned that Petitioner has not exhausted his available state court remedies. Therefore, in accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that the petition be dismissed for lack of exhaustion as required by 28 U.S.C. § 2254.

A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c).

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas

corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

The question remains whether there are state remedies still available to the petitioner. Under MDOC policy and state law, petitioner's remedies included a request for rehearing and then a series of discretionary appeals in the state courts. See M.C.L. 791.254, et seq.; M.S.A. 28.2320(54), et seq.; Michigan Ad. Rule R 791.3320; MDOC Policy Directive 03.03.105(X)-(AA) (Eff. 1/1/99). The record does not demonstrate that petitioner has exhausted these state remedies, or that he is foreclosed from pursuing them further and is able to show "cause and prejudice" or a miscarriage of justice excusing the procedural default.[2] Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). Without analysis, the Sixth Circuit recently remarked that the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922 (1992). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9 (1989).

[2] For discussion of the terms "cause and prejudice" and "miscarriage of justice," the court in *Harris v. Reed*, 489 U.S. 255, 258, n.2 (1989), refers the reader to *Murray v. Carrier*, 477 U.S. 478 (1986) and *Smith v. Murray*, 477 U.S. 527 (1986). The term "miscarriage of justice" has been interpreted to mean "factual innocence."

exhausted before federal review is granted. In the opinion of the undersigned, such circumstances exist here.

Petitioner has also filed a motion to excuse exhaustion of state court remedies (docket #2). In his motion, Petitioner claims that he may not be in custody for purposes of his misconduct conviction by the time he will have exhausted his state court remedies. Petitioner states that because of this he should be allowed to proceed with his habeas action without first exhausting his remedies. In support of this contention, Petitioner attaches a copy of the "order adopting report and recommendation" in *Hughes v. Birkett*, No. 01-10173-BC (E.D. Mich. Feb. 23, 2005). In that case, Petitioner was complaining about a July 1995 prison disciplinary conviction. As a result of that conviction, Petitioner forfeited 5 days of disciplinary credits. Petitioner did not file the habeas corpus petition until April 20, 2001, after which he had received other major misconduct convictions for which his disciplinary credits were forfeited. The court in *Hughes* ruled that because Petitioner would have lost the previously forfeited credits as a result of his subsequent convictions and the challenged conviction no longer could extend the duration of Petitioner's incarceration, Petitioner was not "in custody" as a result of the 1995 disciplinary conviction. In this case, Petitioner earliest release date is March 9, 2007. *See* Petitioner's Offender Profile at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=182524. Therefore, Petitioner has ample time to exhaust his state court remedies before his current sentence expires. So long as Petitioner is serving his current sentence, any forfeiture of disciplinary credits he is subjected to will affect the duration of his sentence. Moreover, there is no reason to believe that Petitioner's likelihood of success in challenging his misconduct conviction would be greater in federal court than it would be in state court. As noted above, Petitioner has failed to demonstrate the existence of "special circumstances"

which would excuse the exhaustion requirement. Accordingly, exhaustion of available state remedies should be required.

Because it appears that petitioner has not exhausted his available state court remedies, I recommend that the petition be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 15, 2005