UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MARVIN D. HUGHES #182524,

        Petitioner,

v.                                                                          Case No. 2:05-cv-248
                                                                            HON. R. ALLAN EDGAR

GERALD HOFBAUER,

        Respondent.
_____/


**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

        The Court has reviewed the Report and Recommendation filed by the United States

Magistrate Judge in this action on November 15, 2005.  The Report and Recommendation was duly

served on the parties.  The Court has received objections from the Petitioner.  In accordance with 28

U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report

and Recommendation to which objection has been made.  The Court now finds the objections to be

without merit.

        In his objections, Petitioner states that he is relying on his "motion to excuse

exhaustion of state court remedies" to defeat the report and recommendation.  However, in the report

and recommendation, the Magistrate Judge specifically addressed the arguments set forth by

Petitioner in the above motion.  For the reasons set forth in the report and recommendation,

Petitioner's claim that he should be excused from exhausting his state court remedies is without

merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the

Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that Petitioner failed

to exhaust his state court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied

on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Both showings must be made to warrant the grant

of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly

dismissed each of Petitioner's claims on the procedural grounds that Petitioner failed to exhaust his

state court remedies. "Where a plain procedural bar is present and the district court is correct to

invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.*

Therefore, the Court denies Petitioner a certificate of appealability.

Dated:     1/4/06          /s/ *R. Allan Edgar*

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE